UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

EMILIO PINERO,
    Plaintiff,
vs.

DADE PLAZA NORTH, LLC,
    Defendants.

Case No.: 20-cv-25111-DPG

## COMPLAINT

Plaintiff, EMILIO PINERO (hereinafter "Plaintiff"), by his undersigned counsel, hereby files this Complaint and sues Defendant DADE PLAZA NORTH, LLC (hereinafter "Defendant"), for injunctive relief pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181, et seq., (hereinafter the "A.D.A"), the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 (hereinafter the "ADAAG"), and the Florida Building Code.

## JURISDICTION

1.    This Court has original jurisdiction over the action pursuant to 28 U.S.C., §§1331 and 1343 for Plaintiff's claims arising under 42 U.S.C. § 12181. *et seq.*, based upon Defendant's violations of Title III of the ADA (see also, 28 U.S.C. §§ 2201 and 2202).

## PARTIES

2.    Plaintiff, EMILIO PINERO, is a resident of Florida and currently lives in Miami, and is *sui juris*. He is a qualified individual with disabilities under the ADA law. Mr. Pinero is a double leg amputee from the knees down. Mr. Pinero owns his own vehicle and does drive. He has visited the property, which forms the basis of this lawsuit and plan to return to the property to avail himself of the goods and services offered to the public at the property, and to determine whether the property has been made ADA compliant. His access to the facility and/or full and equal enjoyment of the goods, services, facilities, privileges, advantages, and/or accommodations

offered therein was denied and/or limited because of these disabilities, and will be denied and/or barriers to access and ADA violations which exist at the facility, including but not limited, to those set forth in the Complaint.

3. Independent of his personal desire to have access to this place of public accommodation free of illegal barriers to access Plaintiff is an advocate of the rights of similarly situated disabled persons and is a "tester" for the purpose of asserting his civil rights and monitoring, ensuring, and determining whether places of public accommodation are in compliance with the ADA. Independent of other subsequent visits, Plaintiff also intends to visit the Premises regularly to verify its compliance or non-compliance with the ADA, and its maintenance of the accessible features of the Premises. In this instance, Plaintiff, in Plaintiff's individual capacity and as a "tester", visited the Premises, encountered barriers to access at the Premises, engaged and tested those barriers, suffered legal harm and legal injury and will continue to suffer such harm and injury as a result of the illegal barriers to access and the violations of the ADA set forth herein. It is Plaintiff's belief that said violations will not be corrected without Court intervention, and thus Plaintiff will suffer legal harm and injury in the near future.

4. Defendant, DADE PLAZA NORTH, LLC transacts business in the State of Florida and within this judicial district. Defendant is the owner and/or representative of the owner and/or operator of the property, which is the subject of this action, located on or about 16650 NW 27 AVE, MIAMI GARDENS, FL 33056 and 2720-2798 NW 167 ST, MIAMI GARDENS, FL 33056 (hereinafter the "Facility").

5. Defendant, DADE PLAZA NORTH, LLC's registered agent was not known at the address listed for the registered agent with the State of Florida (2433 Fisher Island Dr., Fisher

Island, FL 33109), and when the process server attempted to serve the registered agent/officer/manager at the only other available address, that address (18101 Collins Ave., #5006, Sunny Isles Beach, FL 33160) it was a condo unit being rented by the registered agent but the registered agent did not live there.  With no other available address for service on Defendant, the only reasonable means to serve Defendant in this action is through the Secretary of State pursuant to Fla. Stat. § 48.062(3).

6. The facility is in an area frequently traveled by Plaintiff.

7. The Defendant's facility is a public accommodation and service establishment, and although required by law to do so, it is not in compliance with the ADA and ADAAG.

8. In this instance, Mr. Pinero visited the facility and encountered barriers to access at the facility, and engaged barriers, suffered legal harm and injury, and will continue to suffer legal harm and injury as a result of the illegal barriers to access, and Defendant's ADA violations set forth herein.

9. Plaintiff has suffered and continues to suffer direct and indirect injury as a result of the ADA violations that exist at the facility and the actions or inactions described herein.

10. All events giving rise to this lawsuit occurred in the State of Florida. Venue is proper in this Court as the premises are located in the Southern District.

**FACTUAL ALLEGATIONS AND CLAIM**

11. Mr. Pinero has attempted to and has, to the extent possible, accessed the facility, but could not do so because of his disabilities due to the physical barriers to access, dangerous conditions and ADA violations that exist at the facility that restrict and/or limit his access to the facility and/or the goods, services, facilities, privileges, advantages and/or accommodations

offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

12. Mr. Pinero intends to visit the facility again in the near future in order to utilize all of the goods, services, facilities, privileges, advantages, and/or accommodations commonly offered at the facility, but will be unable to do so because of his disability due to the physical barriers to access, dangerous conditions and ADA violations that exist at the facility that restrict and/or limit his access to the facility and/or accommodations offered therein, including those barriers conditions and ADA violations more specifically set forth in this Complaint.

13. Defendant has discriminated against Plaintiff and others with disabilities by denying access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the facility, as prohibited by 42 U.S.C., § 12182, *et. seq.*, and by failing to remove architectural barriers as required by 42 U.S.C., § 12182(b)(2)(A)(iv), and will continue to discriminate against Plaintiff and others with disabilities unless and until Defendant is compelled to remove all physical barriers that exist at the facility, including those specifically set forth herein, and make the facility accessible to and usable by persons with disabilities, including Plaintiff.

14. Defendant has discriminated against Mr. Pinero by failing to comply with the above requirements. A specific, although not exclusive, list of unlawful physical barriers, dangerous conditions and ADA violations which preclude and/or limit Plaintiff's ability (because of his disability) to access the facility and/or full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the facility include:

> **a.** Non-compliant accessible parking spaces (near Wing Stop) due to slope contrary to the 2010 ADAAG;

b. Non-compliant accessible parking spaces (near Wing Stop) due to slope in access aisle contrary to the 2010 ADAAG;

c. Non-complaint accessible parking spaces (near Wing Stop) due to curb ramp encroaching access aisle contrary to the 2010 ADAAG;

d. Non-compliant accessible route (near Wing Stop) due to running slope contrary to the 2010 ADAAG;

e. Non-compliant men's restroom (inside Exxon Gas Station) due to signage contrary to the 2010 ADAAG;

f. Non-compliant men's restroom (inside Exxon Gas Station) due to uninsulated pipes under sink contrary to the 2010 ADAAG;

g. Non-compliant men's restroom (inside Exxon Gas Station) due to lavatory height and centering contrary to the 2010 ADAAG;

h. Non-compliant men's restroom (inside Exxon Gas Station) due to mirror height contrary to the 2010 ADAAG;

i. Non-compliant men's restroom (inside Exxon Gas Station) due to lack of clear door entry width at water closet contrary to the 2010 ADAAG;

j. Non-compliant men's restroom (inside Exxon Gas Station) lack of side wall grab bar contrary to the 2010 ADAAG;

k. Non-compliant men's restroom (inside Exxon Gas Station) improper location of flush control contrary to the 2010 ADAAG;

l. Non-compliant men's restroom (inside Exxon Gas Station) due to door locks, handles, and hardware contrary to the 2010 ADAAG;

m. Non-compliant accessible parking spaces (at Suite 2720) due to access aisle not outlined in white contrary to the 2010 ADAAG;

n. Non-compliant accessible parking spaces (at Suite 2720) due to slope contrary to the 2010 ADAAG;

o. Non-compliant accessible parking spaces (at Suite 2720) due to access aisle slope contrary to the 2010 ADAAG;

p. Non-compliant accessible parking spaces (at Suite 2740) due to access aisle not outlined in white contrary to the 2010 ADAAG;

q. Non-compliant accessible parking spaces (at Suite 2740) due to slope contrary to the 2010 ADAAG;

    r. Non-compliant accessible parking spaces (at Suite 2740) due to access aisle slope contrary to the 2010 ADAAG;

    s. Non-compliant accessible parking spaces (at Suite 2746) due to access aisle not outlined in white contrary to the 2010 ADAAG;

    t. Non-compliant accessible parking spaces (at Suite 2746) due to slope contrary to the 2010 ADAAG;

    u. Non-compliant accessible parking spaces (at Suite 2746) due to access aisle slope contrary to the 2010 ADAAG;

    v. Non-compliant accessible parking spaces (at Suite 2758) due to access aisle not outlined in white contrary to the 2010 ADAAG;

    w. Non-compliant accessible parking spaces (at Suite 2758) due to slope contrary to the 2010 ADAAG;

    x. Non-compliant accessible parking spaces (at Suite 2758) due to access aisle slope contrary to the 2010 ADAAG;

    y. Non-compliant accessible route from accessible parking spaces (at Suite 2758) due to slope of curb ramp contrary to the 2010 ADAAG;

    z. Non-complaint accessible route from accessible parking spaces (at Suite 2758) due to running slope contrary to the 2010 ADAAG; and

    aa. Non-compliant entrance to Suite 2758 due to lack of maneuvering clearance on pull side of the door contrary to the 2010 ADAAG.

15. The above listing is not to be considered all-inclusive of the barriers, conditions or violations encountered by Plaintiff and/or which exist at the facility. Plaintiff requires an inspection of the facility in order to determine all of the discriminatory acts violating the ADA.

16. Mr. Pinero has attempted to gain access to the facility, but because of his disability has been denied access to, and has been denied the benefits of services, programs, and activities of the facility, and has otherwise been discriminated against and damaged by Defendant, because of the physical barriers, dangerous conditions and ADA violations set forth above, and expects to be discriminated against in the future, unless and until Defendant is compelled to remove the unlawful barriers and conditions and comply with the ADA.

17. Plaintiff, in his capacity as a tester, will absolutely return to the Premises when Defendant modifies the Premises or modifies the policies and practices to accommodate individuals who have physical disabilities to confirm said modifications have been completed in accordance with the requirements of the ADA

18. The removal of the physical barriers, dangerous conditions and ADA violations set forth herein is readily achievable and can be accomplished and carried out without much difficulty or expense. 42 U.S.C. § 12182(B)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R, § 36.304.

19. Plaintiff is without adequate remedy at law and is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendant is required to remove the physical barriers, dangerous conditions and ADA violations that exist at the facility, including those set forth herein.

20. The Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. The Plaintiff is entitled to have his reasonable attorney's fees, costs and expenses paid by the Defendant, pursuant to 42 U.S.C., §§ 12205 and 12217.

21. Pursuant to 42 U.S.C. §12188(a), this Court is provided with authority to grant injunctive relief to Plaintiff, including an order to alter the subject facility to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA, and closing the subject facility until the requisite modifications are completed.

**WHEREFORE,** Plaintiff respectfully requests that the Court issue a permanent injunction enjoining Defendant from continuing is discriminatory practices, ordering Defendant to remove the physical barriers to access and alter the subject facility to make it readily accessible  to and useable by individuals with disabilities to the extent required by the ADA,

closing the subject facility until the barriers are removed and requisite alterations are completed, and awarding Plaintiff his reasonable attorney's fees, expert fees, costs and litigation expenses incurred in this action.

Respectfully submitted,

s/ Glenn R. Goldstein
Glenn R. Goldstein, Esq. (FBN: 55873)
 *Attorney for Plaintiff*
Glenn R. Goldstein & Associates, PLLC
1825 NW Corporate Blvd., Ste. 110
Boca Raton, Florida 33431
T: 305.306.7674 | F: 305.400.0722
GGoldstein@G2Legal.net

Lauren N. Wassenberg, Esq. (FBN: 34083)
 *Attorney for Plaintiff*
Lauren N. Wassenberg & Associates, P.A.
1825 NW Corporate Blvd., Ste. 110
Boca Raton, Florida 33431
T: 561.571.0646 | F: 561.571.0647
WassenbergL@gmail.com